# *EXHIBIT A*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

JOSEPH MOORE AND ELANORE MOORE

Case Number: 2021 CA 004631 B

vs

G & K SERVICES, CO, LLC et al.

Date: ____________

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Charles F. Gormly | | Relationship to Lawsuit |
|---|---|---|
| Firm Name: Rosenthal Gormly Chtd. | | ☒ Attorney for Plaintiff |
| Telephone No.: (202) 265-7755 | Six digit Unified Bar No.: 452120 | ☐ Self (Pro Se) <br> ☐ Other: ____________ |

TYPE OF CASE: ☐ Non-Jury ☐ 6 Person Jury ☐ 12 Person Jury

Demand: $ 500,000 Other: ____________

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: ____________ Judge: ____________ Calendar #: ____________

Case No.: ____________ Judge: ____________ Calendar#: ____________

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

**COLLECTION CASES**

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)
☐ 03 Destruction of Private Property
☐ 04 Property Damage
☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud
☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile, Not Malpractice)
☒ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted



Attorney's Signature

12-10-21

Date

Filed
D.C. Superior Court
12/20/2021 09:08AM
Clerk of the Court

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

**JOSEPH MOORE**
1321 Hamilton Street, N.W.
Washington, DC 20011

And

**ELANORE MOORE**
1321 Hamilton Street, N.W.
Washington, DC 20011

Plaintiff

v.

Case No.: 2021 CA 004631 B

**G & K SERVICES, CO., LLC**
6800 Cintas Blvd.
Mason, OH 04501
Serve Registered Agent
CORPORATION SERVICE COMPANY
1090 Vermont Avenue., NW
Washington, DC 20005

**CINTAS CORPORATION NO. 2.**
**t/a CINTAS CORPORATION d/b/a CINTAS**
1769 Brightseat Road
Landover, MD 20785
Serve Registered Agent
CORPORATION SERVICE COMPANY
1090 Vermont Avenue., NW
Washington, DC 20005

**NAI SATURN EASTERN, LLC**
250 E. Park Center Blvd.
Boise, ID 83706
Serve Registered Agent
C T CORPORTAION SYSTEM
1015 15th Street, NW
Washington, DC 20005

**SAFEWAY, INC.**
6500 Piney Branch Road, N.W.
Washington, DC 20012
Serve Registered Agent

C T CORPORTAION SYSTEM )
1015 15th Street, NW )
Washington, DC 20005 )
)
Defendants )

# COMPLAINT

COME NOW, Plaintiffs **JOSEPH MOORE and ELNORA MOORE**, by and through their attorney, and sue Defendants **G&K SERVICES CO., LLC, CINTAS CORPORATION NO. 2 t/a CINTAS CORPRATION d/b/a CINTAS, NAI SATURN EASTERN, LLC** and **SAFEWAY, INC.**, and in support thereof state:

## JURISDICTION AND PARTIES

1. Jurisdiction of the Court is founded on D.C. Code 11-921 and 13-423, 1981 Edition.

2. At all times pertinent hereto, Plaintiff Joseph Moore, was an adult resident of the District of Columbia.

3. At all times pertinent hereto, Plaintiff Elnora Moore, was an adult resident of the District of Columbia.

4. At all times pertinent hereto, Defendant G&K Services Co., LLC (hereinafter referred at Defendant "G&K") was a Minnesota corporation, licensed and authorized to do business in the District of Columbia and was, in fact, doing business in the District of Columbia.

5. At all times pertinent hereto, Defendant CINTAS Corporation No. 2. t/a CINTAS Corporation d/b/a CINTAS (hereinafter referred at Defendant "CINTAS") was a Nevada corporation, licensed and authorized to do business in the District of Columbia and was, in fact, doing business in the District of Columbia.

6. On or about March 2017, Defendant G&K was acquired by Defendant CINTAS and the two companies have "worked since then to integrate" their "two businesses" which includes providing facility services, floor maintenance, cleaning and process control services for profit and were engaged in business in the District of Columbia.

7. Upon information and belief, at all times relevant hereto, Defendants G&K and CINTAS contracted with the other Defendants named herein for cleaning and maintenance services, specifically for the Safeway Store located at 6500 Piney Branch Road, N.W., Washington, DC 20012, (hereinafter referred to as the "premises"), which is the location that is the basis of this litigation.

8. At all times pertinent hereto, Defendant NAI Saturn Eastern, LLC, (hereinafter referred to as Defendant "NAI") was a Delaware corporation, licensed and authorized to do business in the District of Columbia and was in the business of operating food and pharmacy stores for profit under the name "Safeway" in the District of Columbia.

9. At all times pertinent hereto, Defendant Safeway, Inc. (hereinafter referred to as Defendant "Safeway") was a Delaware corporation, licensed and authorized to do business in the District of Columbia and was in the business of operating food and pharmacy stores for profit under the name "Safeway" in the District of Columbia.

10. Upon information and belief, at all times relevant hereto, Defendant NAI and

Defendant Safeway jointly owned, managed, operated, supervised, controlled, and/or maintained the premises, which is the location that is the basis of this litigation.

11. At all times pertinent hereto, all Defendants were the agents, servants and/or employees of the other or engaged in a joint venture with each other.

12. The incident giving rise to this suit occurred in the District of Columbia.

## FACTS

13. On or about May 24, 2020, Plaintiffs Joseph Moore and Elnora Moore were patrons and business invitees at the Safeway Store #1726 located at 6500 Piney Branch Road, N.W., Washington, DC 20012, the "premises" and was lawfully on the Defendants NAI and Safeway's property.

14. At approximately 11:30a.m., Plaintiff Joseph Moore, while at the pharmacy counter, asked the pharmacist, an employee of the Safeway store pharmacy, for assistance locating a product in the store. The pharmacist advised the Plaintiff that the product could be found on Aisle 6.

15. Plaintiff, after not being able to locate the product in Aisle 6, headed back to the pharmacy counter.

16. Suddenly and without warning, Plaintiff felt his feet slip on the tile floor as he lost his balance, went up in the air an fell backwards with his arms extended backwards.

17. Upon landing on the floor, Plaintiff immediately felt tremendous pain thorough out his body, particularly his left side and left leg and was unable to stand.

18. Two by-standers, who witnessed Plaintiff's fall, immediately alerted Plaintiff's

wife, who was in standing in the pharmacy area, and went to assist the Plaintiff.

19. The pharmacy employee observed the Plaintiff fall and went over the assist the Plaintiff's as well.

20. A security guard, who upon information and belief was employee of Defendants NAI and Safeway, was on duty at time, also responded to the scene of Plaintiff's fall.

21. An employee of Defendants NAI and Safeway, who identified herself and the "Assistant Manager", came to assist the Plaintiff as well.

22. The Assistant Manager advised the Plaintiff and his wife that other people sustained falls on the premises due to the solution that was used to clean and buff the floors.

23. Upon information and belief, the Assistant Manager called 911 and requested that an Ambulance be sent to the Safeway Store.

24. At all relevant times, Plaintiff was exercising due care and was caused to slip and fall without any negligence on his part.

25. Upon information and belief, prior to the incident, the floors were not properly and safely maintained by the Defendants' owners, management, agents, servants and/or employees.

26. There was no mat on the floor in this area, nor was there any warning signs present to prevent such an incident from occurring.

27. As a direct and proximate result of this incident, Plaintiff suffered serios and permanent injuries including but not limited to a fractured femur, which required surgical repair.

28. As a direct and proximate result of this incident, Plaintiff has been and will

be in the future deprived of ordinary pleasures of life, loss of well-being and lifestyle.

29. As a direct and proximate result of this incident, Plaintiff's overall health, strengthand vitality have been seriously and permanently impaired.

30. Plaintiff's aforesaid injuries and damages were caused solely by Defendants' individual and/or joint acts and/or omissions and without any contributory negligence on the partof Plaintiff.

31. At all relevant times, Defendants were acting individually and/or jointly in concert together as agents of each other in allowing the aforesaid dangerous condition of the floor to exist, which they knew or should have known would cause invitees such as Plaintiff to suffer the aforesaid injuries and damages

**COUNT I – NEGLIFGENCE**
**(Joseph Moore v. All Defendants)**

32. Plaintiff incorporates herein by reference paragraphs 1 through 31, as though fully stated.

33. Plaintiff's fall occurred within the premises of and in a location managed, maintained and controlled by Defendants.

34. The condition of the floor that caused Plaintiff to slip and fall was a dangerous condition that had been place for a considerable amount of time and Defendants had notice of the condition and a reasonable opportunity to eliminate it.

35. At all times pertinent hereto, all persons who had the duty to inspect, maintain and/or clean the premises where the Plaintiff was injured were the agents, servants and/or employees of all Defendants and were acting in the scope of their agency, servantship and

employment.

36. The incident and resultant severe and permanent injuries to Plaintiff would not have occurred but for the fact that Defendants and their servants, agents, and/or employees negligently failed to ensure floors were maintained in a condition not to cause a hazard to customers, negligently failed to abate the hazardous condition on the premises, where Plaintiff was injured, knew that the premises was intended for use by the general public and that slick and slippery floors posed a danger to the public, negligently failed to place signs or otherwise provide warning of a hazardous condition.

37. Defendants owed a high duty of care to Plaintiff, its business invitee, to use reasonable care under the circumstances, to properly inspect, clean, maintain and timely remove all hazards from the premises so as to reasonably provide for the safety of all persons lawfully present in the store.

38. Defendants further owed a duty to reasonably protect all persons lawfully within the store from unsafe conditions of which it knew or had reason to know existed.

39. Defendants further owed a duty to warn invitees who might be walking in the areawhere the Plaintiff fell and/or to post signs and/or rope off the area, or otherwise warn of or remedy said dangerous condition.

40. Defendants breached their duty to use reasonable care under the circumstances.

41. Defendants failed to properly inspect, clean, maintain and remove all hazards from the premises in order to provide a reasonably safe environment for invitees lawfully walking within the store.

42. Defendants failed to reasonably protect invitees lawfully walking within the premises from unsafe conditions of which they knew or had reason to know.

43. Defendants failed to warn invitees who might be walking in the area where the Plaintiff fell and/or to post signs and/or rope off the area, or otherwise failed to warn of or remedy said dangerous condition.

WHEREFORE, JOSEPH MOORE, Plaintiff, demands judgment against Defendants G&K SERVICES CO., LLC, CINTAS CORPORATION NO. 2, NAI SATURN EASTERN, LLC and SAFEWAY, INC., jointly and severally in the full sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with his costs and interests.

**COUNT TWO - LOSS OF CONSORTIUM**
**(Joseph Moore v. All Defendants)**

44. Plaintiff Joseph Moore, hereby incorporates herein by reference paragraphs 1 through 43 of this Complaint as though fully repeated herein.

45. At all pertinent times hereto Plaintiff Joseph Moore was married to Plaintiff Elnora Moore and they lived together as husband and wife.

46. As a direct and proximate result of the negligence of the Defendants as aforesaid, the Plaintiff Joseph Moore, as husband, was deprived of and may continue to be deprived of and has lost the comfort, health, society, attention, companionship, advice, counsel and guidance of the marriage, and has sustained other damages and losses all on account of the aforesaid injuries to Plaintiff Joseph Moore caused by the Defendants.

WHEREFORE, JOSEPH MOORE, Plaintiff, demands judgment against Defendants

G&K SERVICES CO., LLC, CINTAS CORPORATION NO. 2, NAI SATURN EASTERN, LLC and SAFEWAY, INC., jointly and severally in the full sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with his costs and interests.

**COUNT THREE - LOSS OF CONSORTIUM**
**(Elnora Moore v. All Defendants)**

47. Plaintiff Elnora Moore, hereby incorporates herein by reference paragraphs 1 through 46 of this Complaint as though fully repeated herein.

48. At all pertinent times hereto Plaintiff Elnora Moore was married to Plaintiff Joseph Moore, and they lived together as husband and wife.

49. As a direct and proximate result of the negligence of Defendants in causing severe and permanent injuries to Plaintiff Joseph Moore as aforesaid, the Plaintiff, as wife, was deprived of and may continue to be deprived of and has lost the comfort, health, society, attention, companionship, advice, counsel and guidance of the marriage, and has sustained other damages and losses all on account of the aforesaid injuries to Plaintiff Elnora Moore caused by the Defendants.

WHEREFORE, ELNORA MOORE, Plaintiff, demands judgment against Defendants G&K SERVICES CO., LLC, CINTAS CORPORATION NO. 2, NAI SATURN EASTERN, LLC and SAFEWAY, INC., jointly and severally in the full sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with his costs and interests.

Respectfully submitted,

/s/ Charles F. Gormly
Charles F. Gormly, Esquire #452120
Rosenthal Gormly Chtd.
10605 Concord Street, #307
Kensington, MD 20895
202-265-7755 (Phone)
202-265-7756 (Fax)
cfgormly@earthlink.net
*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff herein demands a trial by a jury as to all issues involved herein.

/s/ Charles F. Gormly
Charles F. Gormly, Esquire



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JOSEPH MOORE et al
Vs.
CINTAS CORPORATION NO. 2. et al

C.A. No. 2021 CA 004631 B

**INITIAL ORDER AND ADDENDUM**

**Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:**

(1) This case is assigned to the judge and calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of (a) the summons, (b) the complaint, and (c) this Initial Order and Addendum. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4(m).

(3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

(4) At the time stated below, all counsel and unrepresented parties shall participate in a remote hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients **before** the hearing whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this hearing.**

(5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

**Chief Judge Anita M. Josey-Herring**

Case Assigned to: Judge WILLIAM M JACKSON
Date: December 13, 2021
Initial Conference: **REMOTE HEARING - DO NOT COME TO COURTHOUSE**
**SEE REMOTE HEARING INSTRUCTIONS ATTACHED TO INITIAL ORDER**

10:00 am, Friday, March 11, 2022
Location: Courtroom 219
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

## ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

D.C. Code § 16-2821, which part of the Medical Malpractice Proceedings Act of 2006, provides, "[a]fter action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ('ISSC'"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. Unrepresented plaintiffs who elect not to eFile must either mail the form to the Multi-Door Dispute Resolution Office at, Suite 2900, 410 E Street, N.W., Washington, DC 20001, or deliver if in person if the Office is open for in-person visits.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following people are required by D.C. Code § 16-2824 to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is unrepresented may mail the form to the Civil Actions Branch at [address] or deliver it in person if the Branch is open for in-person visits. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Anita M. Josey-Herring

**Civil Remote Hearing Instructions for Participants**

The following instructions are for participants who are scheduled to have cases heard before a Civil Judge in a **Remote Courtroom**

**Option1: (AUDIO ONLY/Dial-in by Phone):**

Toll 1 (844) 992-4762 or (202) 860-2110, enter the Meeting ID from the attachment followed by #, press again to enter session.

- *Please call in no sooner than 5 minutes before your scheduled hearing time. Once you have joined the session, please place your phone on mute until directed otherwise. If you should happen to get disconnected from the call, please call back in using the phone number and access number provided and the courtroom clerk will mute your call until the appropriate time.*

If you select **Option 2** or **Option 3** use the Audio Alternative

**Option 2: (LAPTOP/ DESKTOP USERS 1):**

Open Web Browser in Google Chrome and copy and paste following address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX

**Option 3: (LAPTOP/ DESKTOP USERS 2):**

Open Web Browser in Google Chrome and copy and paste following address https://dccourts.webex.com Select **Join**, enter the Meeting ID from the next page

AUDIO ALTERNATIVE: Instead of automatically using **USE COMPUTER FOR AUDIO**, select **CALL-IN** and follow the **CALL-IN** prompt window. Use a cell phone or desk phone. You will be heard clearer if you **do not** place your phone on SPEAKER. It is very important that you enter the **ACCESS ID #** so that your audio is matched with your video.

**Option 4: (Ipad/SMART PHONE/TABLET):**

- Go to App Store, Download WebEx App (Cisco WebEx Meetings)
- Sign into the App with your Name and Email Address
- Select Join Meeting
- Enter address from the next page: https://dccourts.webex.com/meet/XXXXXXXXX
- Click join and make sure your microphone is muted and your video is unmuted (if you need to be seen). If you only need to speak and do not need to be seen, use the audio only option.
- When you are ready click "Join Meeting". If the host has not yet started the meeting, you will be placed in the lobby until the meeting begins.

**For Technical Questions or issues Call: (202) 879-1928, Option #2**

Superior Court of the District of Columbia
Public Access for Remote Court Hearings
(Effective August 24, 2020)

**The current telephone numbers for all remote hearings are: 202-860-2110 (local) or 844-992-4726 (toll free).** After dialing the number, enter the WebEx Meeting ID as shown below for the courtroom. Please click a WebEx Direct URL link below to join the hearing online.

Audio and video recording; taking pictures of remote hearings; and sharing the live or recorded remote hearing by rebroadcasting, live-streaming or otherwise are not allowed

| Division | Courtroom | Types of Hearings Scheduled in Courtroom | Public Access via WebEx | |
|---|---|---|---|---|
| | | | WebEx Direct URL | WebEx Meeting ID |
| Auditor Master | 206 | Auditor Master Hearings | https://dccourts.webex.com/meet/ctbaudmaster | 129 648 5606 |
| Civil | 100 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb100 | 129 846 4145 |
| | 205 | Foreclosure Matters | https://dccourts.webex.com/meet/ctb205 | 129 814 7399 |
| | 212 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb212 | 129 440 9070 |
| | 214 | Title 47 Tax Liens; and Foreclosure Hearings | https://dccourts.webex.com/meet/ctb214 | 129 942 2620 |
| | 219 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb219 | 129 315 2924 |
| | 221 | Civil 1 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb221 | 129 493 5162 |
| | 318 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb318 | 129 801 7169 |
| | 320 | | https://dccourts.webex.com/meet/ctb320 | 129 226 9879 |

| | | | |
|---|---|---|---|
| 400 | Judge in Chambers Matters including Temporary Restraining Orders, Preliminary Injunctions and Name Changes | https://dccourts.webex.com/meet/ctb400 | 129 339 7379 |
| 415 | Civil 2 Scheduling Conferences; Status, Motion and Evidentiary Hearings including Bench Trials | https://dccourts.webex.com/meet/ctb415 | 129 314 3475 |
| 516 | | https://dccourts.webex.com/meet/ctb516 | 129 776 4396 |
| 517 | | https://dccourts.webex.com/meet/ctb517 | 129 911 6415 |
| 518 | | https://dccourts.webex.com/meet/ctb518 | 129 685 3445 |
| 519 | | https://dccourts.webex.com/meet/ctb519 | 129 705 0412 |
| JM-4 | | https://dccourts.webex.com/meet/ctbjm4 | 129 797 7557 |
| A-47 | Housing Conditions Matters | https://dccourts.webex.com/meet/ctba47 | 129 906 2065 |
| B-52 | Debt Collection and Landlord and Tenant Trials | https://dccourts.webex.com/meet/ctbb52 | 129 793 4102 |
| B-53 | Landlord and Tenant Matters including Lease Violation Hearings and Post Judgment Motions | https://dccourts.webex.com/meet/ctbb53 | 129 913 3728 |
| B-109 | Landlord and Tenant Matters | https://dccourts.webex.com/meet/ctbb109 | 129 127 9276 |
| B-119 | Small Claims Hearings and Trials | https://dccourts.webex.com/meet/ctbb119 | 129 230 4882 |